# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30558
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER L. BROWN,

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-146-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher L. Brown pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, *see* 21 U.S.C. § 846; possession of firearms in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon, *see* U.S.C. § 922(g)(1). The convictions arose from a sting operation involving a putative robbery of a fictitious stash house. Brown appeals his 270-month cumulative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, which consisted of concurrent 210-month terms each on the conspiracy and felon-in-possession convictions and a consecutive 60-month term on the conviction for possession of firearms in furtherance of a drug trafficking crime.  Pretermitting the question whether this appeal is barred by the appeal waiver in the plea agreement, we affirm.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

To the extent that Brown may be understood to assert a procedural challenge under the bifurcated process for reasonableness review, the challenge fails.  *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Because he did not raise a procedural issue in the district court, Brown is required to show plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.*  A claim "subject to reasonable dispute" cannot constitute plain error.  *Id.*; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).

Brown cites no precedent of this circuit for his contentions that it was error and a miscarriage of justice to ascribe 12 kilograms of cocaine to him when calculating his guidelines range under the 2013 edition of the Sentencing Guidelines.  Brown stipulated that he conspired to steal 12 to 25 kilograms of cocaine.  A conspiracy defendant is accountable for the drug quantity foreseeable by him.  *United States v. Quiroz-Hernandez*, 48 F.3d 858, 870 (5th Cir. 1995); *cf. United States v. Burke*, 431 F.3d 883, 886 (5th Cir. 2005). Because Brown's contentions are subject to reasonable dispute, there can be no plain error.  *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377-78.

We reject also Brown's contention that the sentence is substantively unreasonable because the district court ought to have sentenced him below the

No. 14-30558

guidelines range in light of what he deems to be the Government's arbitrary selection of drug quantity.  Brown cites no circuit precedent to support his contentions.  Moreover, the district court emphasized that drug quantity was hardly the most important consideration when selecting Brown's sentence, given Brown's insistence that murdering all occupants of the stash house was a necessity.  *See* 18 U.S.C. § 3553(a).

Because his sentence is "within a properly calculated Guideline range," an inference arises that the district court considered "all the factors for a fair sentence set forth in the Guidelines."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  Such a sentence "is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Brown's suggestion that a below-guidelines variance sentence would have been reasonable is not basis enough "to justify reversal of the district court."  *Gall*, 552 U.S. at 51.

AFFIRMED.